GARY M. RESTAINO
United States Attorney
District of Arizona
W. VINNIE LICHVAR
Assistant U.S. Attorney
Arizona State Bar No. 028112
Two Renaissance Square
40 N. Central Ave., Ste. 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Vinnie.Lichvar@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          v.<br><br>Jose Campos-Fabela,<br><br>                    Defendant. | Case No. CR-22-1537-PHX-SMB<br><br>Supervised Release<br>Case No. CR-19-00271-001-PHX-SMB<br><br>**PLEA AGREEMENT**<br><br>**(Fast Track § 5K3.1)** |

Plaintiff, United States of America, and the defendant, Jose Campos-Fabela, hereby agree to dispose of this matter on the following terms and conditions:

1.  **PLEA**

The defendant will plead guilty to the Indictment charging the defendant with a violation of Title 8, United States Code (U.S.C.), Section 1326(a), with a possible sentencing enhancement under Section 1326(b)(1), Reentry of Removed Alien. The parties enter into this plea agreement to address the defendant's new charge and supervised release status in one agreement.

2.  **MAXIMUM PENALTIES**

    a.      A violation of 8 U.S.C. § 1326(a), a Class E felony, is punishable by a maximum term of imprisonment of two years and a maximum term of supervised release of one year.  If a sentencing enhancement under 8 U.S.C. § 1326(b)(1), a Class C felony,

1   is applicable, then the maximum term of imprisonment is 10 years and the maximum term

2   of supervised release is three years.  If a sentencing enhancement under 8 U.S.C.

3   § 1326(b)(2), a Class C felony, is applicable, then the maximum term of imprisonment is

4   20 years and the maximum term of supervised release is three years.  A maximum fine of

5   $250,000 may be imposed in addition to any sentence of imprisonment.  The maximum

6   term of probation is five years.

7        b.    According to the Sentencing Guidelines issued pursuant to the Sentencing

8   Reform Act of 1984, the Court shall order the defendant to:

9            (1)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds

10   that a fine is not appropriate;

11            (2)    serve a term of supervised release when required by statute or

12   when a sentence of imprisonment of more than one year is imposed (with the understanding

13   that the Court may impose a term of supervised release in all other cases); and

14            (3)    pay upon conviction a $100 special assessment for each count

15   to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

16        c.    The Court is required to consider the Sentencing Guidelines in determining

17   the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court

18   is free to exercise its discretion to impose any reasonable sentence up to the maximum set

19   by statute for the crime(s) of conviction, unless there are stipulations to the contrary that

20   the Court accepts.

21        d.    The defendant recognizes that pleading guilty may have consequences with

22   respect to the defendant's immigration status if the defendant is a recently naturalized

23   United States citizen or is not a citizen of the United States.  Under federal law, a broad

24   range of crimes are removable offenses, including the offense to which the defendant is

25   pleading guilty.  Although there may be exceptions, the defendant understands that the

26   defendant's guilty plea and conviction for this offense make it practically inevitable and a

27   virtual certainty that the defendant will be removed or deported from the United States.

28   The defendant agrees that the defendant has discussed this eventuality with the defendant's

1    attorney. The defendant nevertheless affirms that the defendant wants to plead guilty

2    regardless of any immigration consequences that this plea entails, even if the consequence

3    is the defendant's automatic removal from the United States.

4    **3.    AGREEMENTS REGARDING SENTENCING**

5          a.    Stipulation: Acceptance of Responsibility.    Pursuant to Fed. R. Crim. P.

6    11(c)(1)(C), if the defendant makes full and complete disclosure to the U.S. Probation

7    Office of the circumstances surrounding the defendant's commission of the offense, and if

8    the defendant demonstrates an acceptance of responsibility for this offense up to and

9    including the time of sentencing, the United States will stipulate and agree to a two-level

10    reduction pursuant to U.S.S.G. § 3E1.1. If the defendant has an offense level of 16 or more,

11    the United States will move for an additional one-level reduction pursuant to U.S.S.G.

12    § 3E1.1.

13          b.    Stipulation: Termination of Supervised Release. Pursuant to Fed. R. Crim. P.

14    11(c)(1)(C), the parties stipulate and agree that if there is an outstanding petition to revoke

15    supervised release in No. CR-19-00271-001-PHX-SMB, it will be dismissed at sentencing

16    in this matter, and that the defendant's supervised release term in No. CR-19-00271-001-

17    PHX-SMB will be terminated.

18          c.    Stipulated Sentence Under Early Disposition Program.  Although the parties

19    understand that the Sentencing Guidelines are only advisory, and just one of the factors the

20    Court will consider under 18 U.S.C. § 3553(a), pursuant to Fed. R. Crim. P. 11(c)(1)(C)

21    the United States and the defendant stipulate and agree that the following is an appropriate

22    disposition of this case:

23          (1)    The defendant shall receive a one-level downward departure under

24    U.S.S.G. § 5K3.1.    The United States and the defendant stipulate and agree that the

25    defendant's sentence shall not exceed the high end of the final adjusted Sentencing

26    Guidelines range.  If the defendant requests or the Court authorizes any adjustments or

27    departures pursuant to the Sentencing Guidelines other than the one-level departure

28    provided under this subparagraph, the United States may withdraw from this agreement.

- 3 -

However, nothing in this agreement shall preclude the defendant from arguing for, or the Court from granting, a variance under 18 U.S.C. §3553(a) in support of a sentence below the final advisory Sentencing Guideline range. The United States reserves the right to oppose any variance.

(2)    If the defendant does not qualify for an increase to the defendant's base offense level pursuant to U.S.S.G. § 2L1.2(b), then in lieu of the departures listed in subparagraphs (1) and (2) above, the defendant's sentence shall not exceed the greater of time served or the following caps:

Three months of imprisonment if defendant's Criminal History Category is I;

Four months of imprisonment if defendant's Criminal History Category is II;

Five months of imprisonment if defendant's Criminal History Category is III;

Six months of imprisonment if the defendant's Criminal History Category is IV;

Nine months of imprisonment if defendant's Criminal History Category is V; and

Twelve months and one day of imprisonment if the defendant's Criminal History Category is VI.

**4.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a.    If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing ~~later charges or proceedings. The defendant understan~~ds that any statements made at the time of the defendant's change of plea or sentencing may be used

- 4 -

1    against the defendant in any subsequent hearing, trial, or proceeding subject to the
2    limitations of Fed. R. Evid. 410.

3    **5.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

4         The defendant waives (1) any and all motions, defenses, probable cause
5    determinations, and objections that the defendant could assert to the indictment or
6    information; and (2) any right to file an appeal, any collateral attack, and any other writ or
7    motion that challenges the conviction, an order of restitution or forfeiture, the entry of
8    judgment against the defendant, or any aspect of the defendant's sentence, including the
9    manner in which the sentence is determined, including but not limited to any appeals under
10   18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255
11   (habeas petitions), and any right to file a motion for modification of sentence, including
12   under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under
13   18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall
14   result in the dismissal of any appeal, collateral attack, or other motion the defendant might
15   file challenging the conviction, order of restitution or forfeiture, or sentence in this case.
16   This waiver shall not be construed to bar an otherwise-preserved claim of ineffective
17   assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section
18   II.B of Ariz. Ethics Op. 15-01 (2015)).

19   **6.    REINSTATEMENT OF REMOVAL, DEPORTATION OR EXCLUSION OR**
20   **STIPULATION TO REMOVAL; EFFECT ON OTHER PROCEEDINGS**

21        The defendant admits that the defendant was the subject of a previous order of
22   removal, deportation or exclusion.  The defendant agrees to the reinstatement of that
23   previous order of removal, deportation or exclusion.  The defendant admits that the
24   defendant does not have a fear of returning to the country designated in the previous order.
25   If this plea agreement is accepted by the Court, the defendant agrees not to contest, either
26   directly or by collateral attack, the reinstatement of the prior order of removal, deportation
27   or exclusion. The defendant understands that this agreement does not preclude the United
28

- 5 -

1    States from instituting any civil or administrative proceedings as may be appropriate now
2    or in the future.

3    **7.    DISCLOSURE OF INFORMATION**

4         a.    The United States retains the unrestricted right to provide information and
5    make any and all statements it deems appropriate to the U.S. Probation Office and to the
6    Court in connection with the case.

7         b.    Any information, statements, documents, and evidence that the defendant
8    provides to the United States pursuant to this agreement may be used against the defendant
9    at any time.

10        c.    The defendant shall cooperate fully with the U.S. Probation Office.  Such
11   cooperation shall include providing complete and truthful responses to questions posed by
12   the U.S. Probation Office including, but not limited to, questions relating to:

13            (1)    criminal convictions, history of drug abuse, and mental illness; and
14            (2)    financial information, including present financial assets or liabilities
15   that relate to the ability of the defendant to pay a fine or restitution.

16   **8.    ELEMENTS**

17                    **Reentry of Removed Alien**

18   On or about September 25, 2022, in the District of Arizona:

19        1.    The defendant was an alien;

20        2.    The defendant had been previously denied admission, excluded, deported, or
21   removed from the United States;

22        3.    The defendant knowingly and voluntarily reentered or was present after a
23   voluntary entry and found in the United States in the District of Arizona; and

24        4.    The defendant did not obtain the express consent of the Attorney General or
25   the Secretary of Homeland Security to reapply for admission to the United States prior to
26   returning to the United States.

27

28

9.    **FACTUAL BASIS**

a.    The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

> I, Jose Campos-Fabela, am not a citizen or national of the United States. I was removed from the United States through Nogales, Arizona on November 26, 2019. I was voluntarily present and found in the United States at or near Yuma, Arizona on September 25, 2022. I was not under the constant, continuous observation of immigration authorities from the time I crossed the border until the time I was found on September 25, 2022. I did not obtain the express consent of the United States government to reapply for admission to the United States prior to returning to the United States.

> For sentencing purposes, I admit I was convicted of Reentry of Removed Alien, a felony, on September 16, 2019, in the United States District Court, District of Arizona. I was represented by an attorney, and I was sentenced to twelve months and one day of imprisonment, and thirty-six months of supervised release.

> I further admit that I was under a term of supervised release in No. CR-19-00271-001-PHX-SMB when the present offense was committed.

b.    The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

This agreement has been read to me ~~in Spanish~~, and I have carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. *MRZ  J C*

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

- 7 -

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea.  I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement.  I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time.  I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea.  Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

- 8 -

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

12/4/22
Date

JOSE CAMPOS-FABELA
Defendant

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

I translated or had translated this agreement from English into Spanish to the defendant on the 4th day of DECEMBER, 2022. MRZ

JC.

12/4/22
Date

MICHAEL ZIEMBA
Attorney for Defendant

- 9 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement.  I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

WILLIAM LICHVAR    Digitally signed by WILLIAM
                    LICHVAR
                    Date: 2022.11.25 10:39:30 -07'00'

November 25, 2022
Date

W. VINNIE LICHVAR
Assistant U.S. Attorney

**ACCEPTANCE BY THE COURT**

_____          _____
Date                         United States District Judge

- 10 -